No. 263
MOORE v. STATE
Ohio Appeals, 6th Dist., Lucas Co.
No. 1476. Decided Jan. 26, 1925.

333. CRIMINAL LAW—Evidence that constable on trial for killing suspected bootlegger had no warrant, followed by explicit instructions to jury is immaterial and not prejudical.

CHITTENDEN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Charles Moore was charged by an indictment with having unlawfully, purposely, and maliciously, killed one, Anthony Mayer. The crime

## STATE COURT OF APPEALS—Continued

charged was murder in the second degree. Upon trial in the common pleas the verdict returned by the jury was for the crime of manslaughter and not second degree murder.

It appears that Moore was a constable and with several fellow constables acting upon outside information, hastened to a certain street in Toledo, where a machine was found in which was a vessel containing whiskey. Mayer, the owner of the machine came upon the scene and was told by Moore that he was under arrest, and that the machine would also be taken. Mayer resisted, and in the melee, struck and knocked to the ground one Kalis, a constable. Moore claimed that Mayer then rushed at him, and in the struggle a revolver in Moore's hand was accidentally discharged fatally wounding Mayer. The state claims that after Mayer had struck Kalis, Moore standing at a distance of 5 or 6 feet from Mayer with his revolver took deliberate aim and fired, the bullet striking him in the neck, causing a wound from which he died in a very short time.

Witness for the state was permitted to testify that Moore, when searched, had no warrant upon his person, for the arrest of Mayer. To this Moore objected. He urged that the court erred in admitting such evidence, that the jury was not proper, and the verdict was against the weight of the evidence. The court of appeals held:

1. It is inconceivable that the evidence admitted, in view of the clear and explicit directions given by the trial court as to the right of constables to search automobiles, and make arrests without warrant could have prejudicially affected the rights of Moore.

2. The definition of manslaughter given in charge to jury was proper. State v. Schaeffer, 96 OS. 215, 222.

The verdict is not clearly manifestly contrary to the weight of the evidence, 12 OS. 146 and since no prejudical error exists, the judgment of the trial court will be affirmed.

Attorneys—Allen J. Seney, for Moore; Roy R. Stuart, Pros. Atty., for State; both of Toledo.